UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCING AMERICAN FREEDOM FOUNDATION,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>          Defendant. | Civil Action No. 24-2803 (PLF) |

### ANSWER

Defendant, the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1), filed by Plaintiff, Advancing American Freedom Foundation, in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

### RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

## COMPLAINT[1]

The introductory paragraph contains Plaintiff's characterization of the nature of its action, to which no response is required.  To the extent a response is deemed necessary, Defendant admits only that Plaintiff purports to bring this action under FOIA and seeks to compel the release of records responsive to an identical FOIA request Plaintiff submitted to both HHS and the United States Food and Drug Administration ("FDA").  Defendant denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

1.      Paragraph 1 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of FOIA.

2.      Paragraph 2 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant admits that venue is proper in this District.

## PARTIES

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4.      Defendant admits that HHS is an agency of the federal government and admits the remaining allegations in the first sentence of Paragraph 4.  The remaining allegations in Paragraph 4 contain conclusions of law, not allegations of fact, and thus no response is required.

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## STATEMENT OF FACTS

5.      Defendant admits that, on or about June 3, 2024, HHS and FDA, which is a component of HHS, received identical FOIA requests dated May 31, 2024, from Plaintiff. Defendant avers that the text of the FOIA request contained in Paragraph 5 differs from the language of the requests submitted to HHS and FDA in certain respects, and thus denies that the FOIA request is accurately quoted in Paragraph 5.  Defendant, however, admits that Plaintiff's FOIA request seeks the following records:

1. Any and all records of communications:
    a. Please provide all copies of communications (including records produced in response to these communications) between HHS, the FDA, and the U.S. House of Representatives Committee on Commerce Subcommittee on Oversight and Investigations ("Subcommittee") concerning letters from the Subcommittee to FDA dated June 27, 1996; July 1, 1996; and September 17, 1996.
    b. Please provide all records in the possession of HHS that were requested in the September 17, 1996 letter from Subcommittee Chairman Joe Barton to FDA Commissioner David A. Kessler (attached for your reference).  The records may have been in the possession of then Secretary of HHS Donna Shalala.  These records referenced in the letter include, but are not limited to:
        • 1. Meetings that were not reported on "the public calendar as required by Agency regulations (21 C.F.R. 10.100).  These meetings concerning RU-486 appear to have involved senior FDA officials and persons outside the executive branch." Please include HHS officials in your search.
        • 2. "... all materials relating to all ethical issues concerning each member of the [Reproductive Health Drugs] Committee."
        • 3. "... consideration of the issue of the possible breast cancer risk factor in connection with RU-486 [mifepristone]."
        • 4. "All precedents and legal authority that support the propriety of FDA [and HHS] officials encouraging, urging or soliciting a submission of an IND or new drug application."
        • 5. "... mentioning or pertaining to [HHS and] FDA's implementation of President Clinton's memorandum of January 22, 1993 concerning RU-486."
2. Any and all records of communications:
    a. Between any HHS personnel and the Office of White House Counsel between November 1, 1992 and January 31, 2001 regarding the approval and distribution of "mifepristone" (which includes, but is not limited to, such terms as Mifeprex, Mifegyne, Korlym, abortion pill, RU-486, RU- 38486, ZK-98296, and/or the

3

mifepristone chemical description of "11β- (4-(dimethylamino)phenyl)-17α-(1-propynyl)estra-4,9-dien-17β-ol-3-one" or other names used by the same compound in its generic form) for use as an abortifacient.

    b. Including but not limited to, communications or drafts of communications with, mentioning, copying, or blind-copying Associate White House Counsel Elena Kagan.

3. Any and all records of communications between any HHS and any person or entity between November 1, 1992 and January 31, 2001 (including but not limited to any organization, association, corporation, Federal employees, and or non-Federal employees)

    a. regarding FDA Commissioner David Kessler's or HHS Secretary Shalala's overseas trip or trips to meet with individuals from Roussel Uclaf on an unknown date, but on information or belief took place in April or May 1994.

    b. Including but not limited to, travel receipts, calendar invitations and acceptances, public and private calendars, travel logs, travel authorizations, or meeting minutes. These communications should also include drafts of communications, as well as those in which the HHS is copied or blind-copied.

    c. Including but not limited to, communications with or mentioning the Population Council ("PC").

4. Any and all records of communications:

    a. Between any HHS personnel and any person or entity between November 1, 1992 and January 31, 2001 (including but not limited to any organization, association, corporation, Federal employees, and or non-Federal employees) regarding the April 14, 1994 meeting between FDA Commissioner David Kessler or HHS personnel, and Lester Hyman.

    b. Including but not limited to, travel receipts, calendar invitations and acceptances, public and private calendars, travel logs, travel authorizations, or meeting minutes. These communications should also include, drafts of communications, as well as those in which HHS is copied or blind-copied.

    c. Including but not limited to, communications with or mentioning the Population Council ("PC").

5. Any and all records of communications:

    a. Between any HHS personnel and any person or entity between November 1, 1992 and January 31, 2001 (including but not limited to any organization, association, corporation, Federal employees, and or non- Federal employees) regarding the July 19, 1996 Reproductive Health Drugs Advisory Committee's meeting to discuss the New Drug Application for "mifepristone" (which includes, but is not limited to, such terms as Mifeprex, Mifegyne, Korlym, abortion pill, RU-486, RU-38486, ZK-98296, and/or the mifepristone chemical description of "11β-(4-(dimethylamino)phenyl)-17α-(1-propynyl)estra-4,9-dien-17β-ol-3-one" or other names used by the same compound in its generic form) for use as an abortifacient.

    b. Including but not limited to, travel receipts, calendar invitations and acceptances, public and private calendars, travel logs, travel authorizations, or meeting minutes.

> These communications should also include, drafts of communications, as well as those in which HHS is copied or blind-copied.
>
> c.   Including but not limited to, communications with or mentioning the Population Council ("PC").

6.   Any other records which, though not specifically requested, would have a reasonable relationship to the subject matter of this request, including any record or document.

6.    Defendant avers that the allegations in Paragraph 6 contain a "DATE" placeholder and appear to refer erroneously to a different FOIA request submitted to the National Institutes of Health that is not at issue in this case.  Thus, Defendant denies the allegation in Paragraph 6 that "tracking number . . . 54522" is the tracking number for either of the identical FOIA requests at issue in this case.  Defendant further avers that HHS assigned the FOIA request at issue in this case control number 2024-01102-FOIA-OS; FDA assigned the FOIA request control number 2024-4852; and HHS and FDA acknowledged receipt of the FOIA requests on June 26, 2024, and June 4, 2024, respectively.

7.    Defendant avers that HHS sent an email to Plaintiff on June 26, 2024, acknowledging receipt of Plaintiff's FOIA request, and that FDA sent a letter via email to Plaintiff on June 4, 2024, acknowledging receipt of Plaintiff's FOIA request.  Defendant admits that at the time of the filing of the Complaint, neither HHS nor FDA had released any records to Plaintiff pursuant to Plaintiff's FOIA requests.  Defendant further admits that neither HHS nor FDA has had any further correspondence with Plaintiff outside of this litigation concerning these requests beyond the acknowledgment communications.  Defendant avers that HHS and FDA continue to assess the request, including the extent to which responsive, non-exempt records are already publicly available.  Defendant denies any remaining allegations in Paragraph 7.

## <u>COUNT I</u>
**(Violation of FOIA, 5 U.S.C. § 552)**

8.    Defendant re-alleges its responses to Paragraphs 1 through 7 as if fully stated herein.

9.    Paragraph 9 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 9.

10.    Paragraph 10 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 10.

11.    Paragraph 11 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 11.

12.    Paragraph 12 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant respectfully refers the Court to the relevant statutes under FOIA related to administrative exhaustion requirements and denies any allegations in Paragraph 12 that are inconsistent therewith.

The paragraph beginning with "WHEREFORE" and containing enumerated requests for relief (1)–(5) contains Plaintiff's prayer for relief, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in this paragraph and all its component parts and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA or the Privacy Act, 5 U.S.C. §§ 552(b), 552a.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA. 5 U.S.C. § 552.

### THIRD DEFENSE

HHS and FDA have exercised due diligence in processing Plaintiff's FOIA requests, and exceptional circumstances exist that necessitate additional time to continue processing the requests.  *See* 5 U.S.C. § 552(a)(6)(C).

### FOURTH DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

* * *

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees and costs.


Dated: December 20, 2024                    Respectfully submitted,
      Washington, DC

                                            MATTHEW M. GRAVES, D.C. Bar #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division


                                            By:_____ /s/ *Douglas C. Dreier*_____
                                              DOUGLAS C. DREIER, D.C. Bar #1020234
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            (202) 252-2551

                                            *Attorneys for the United States of America*

8